UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAGDALENA RODRÍGUEZ-CORDERO, et. al., <br><br> Plaintiffs, <br><br> v. <br><br> CENTRO DE SALUD DE LARES, INC., et. al., <br><br> Defendants. | Civil No. 11-2258 (JAF) |

## OPINION AND ORDER

We must decide whether a medical doctor's claims against her former employer constitute sex and pregnancy discrimination.

### I.
### Factual and Procedural History

Because we must view all facts in the light most favorable to the non-moving party when considering a summary judgment motion, to the extent that any facts are disputed, the facts set forth below represent Plaintiffs' version of the events at issue. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Magdalena Rodríguez-Cordero worked as a general medicine doctor for Centro de Salud, Inc., a nonprofit healthcare provider. Rodríguez-Cordero also provides professional medical services through a private office she maintains in Utuado, Puerto Rico. When Centro de Salud hired Rodríguez-Cordero, she signed a contract that included a non-compete clause, which specified that she was not to provide any medical services or engage in any professional activity that would intervene or compete with Centro de Salud's service

operations in Lares and Quebradillas, Puerto Rico.  On October 28, 2010—three days prior to the expiration of her work contract—Rodríguez-Cordero met with Centro de Salud's Human Resources Office to discuss the renewal of her appointment.  She was pregnant at the time.  The employment contract she received contained a new non-compete clause, prohibiting her from developing "professional activities that competed with the services and purpose of the center, directly or indirectly, in institutions, offices, medical practices, develop professional activities that compete with the services and purposes of the center." (Docket No. 26-1 at 3.)  Rodríguez-Cordero told Human Resources personnel that the clause concerned her, but they told her that the new clause was added at the behest of the Commonwealth of Puerto Rico's Health Resources and Services Administration.  Rodríguez-Cordero did not sign the contract.  All of the physicians that were newly contracted or had to renew their contracts on or after November 1, 2010, were presented with and signed contracts containing the same non-complete clause.  (Id. at 4.) Rodríguez-Cordero now argues that the "real" reason for the inclusion of the new non-compete clause was gender-based discrimination on the basis of her pregnancy.

After timely filing a notice to sue with the EEOC, Rodríguez-Cordero, and her husband, José Oscar Ramos-Rodríguez, filed a complaint in federal district court on December 27, 2011. (Docket No. 1.)  On September 4, 2012, Centro de Salud moved for summary judgment.  (Docket No. 13.)  Rodríguez-Cordero opposed.  (Docket No. 19.)  On November 30, 2012, Centro de Salud replied.  (Docket No. 26.)  For the following reasons, we grant Centro de Salud's motion for summary judgment.

## II.

### Legal Standard

The defendants are entitled to summary judgment on a claim if they can show that there is no genuine dispute over the material facts underlying the claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). We must decide whether a reasonable juror could find for plaintiffs on each of their claims when all reasonable inferences from the evidence are drawn in their favor. See Scott v. Harris, 550 U.S. 372, 380 (2007).

## III.

### Discussion

Defendants argue that Rodríguez-Cordero failed to establish a prima-facie case of discrimination because she did not suffer an adverse employment action and because "there is no evidence that other similarly situated employees outside of her protected class were treated more favorably." (Docket No. 13-1 at 6.) We agree.

First, Rodríguez-Cordero did not suffer an adverse employment action because Defendants did not terminate her employment; she simply chose not to renew her contract. Although she complains about the inclusion of a certain clause in her new contract, (Docket No. 19-1 at 3), she cannot escape the fact that the defendants offered her a contract, which she declined. An employee's refusal to contract does not constitute an adverse employment action. Shelley v. Trafalgar H. Pub. Ltd. Co., 973 F. Supp. 84, 89 (D.P.R. 1997) ("The freedom not to contract should be protected with the same zeal as the freedom to contract."); Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross and Blue Shield Ass'n, 110 F.3d 318, 333 (6th Cir. 1997) ("It is still hornbook law that the freedom of contract entails the freedom not to contract, except in the case of innkeepers, common carriers, and certain other 'public

service companies,' and except as restricted by antitrust, antidiscrimination, and other statutes.").

Second, Rodríguez-Cordero failed to establish that her employers treated non-pregnant employees more favorably than they treated her. All of the physicians who were either hired or had to renew their professional services contracts by November 2010 were asked to sign contracts containing the same non-compete clause that Rodríguez-Cordero found objectionable. (Docket No. 13-2 at 12.) Some of these other doctors were males. (Id.) To allege disparate treatment successfully, Rodríguez-Cordero must show that "others similarly situated to [her] in all relevant respects were treated differently by the employer." Rosado v. Radio Shack, Inc., 312 F.3d 532, 534 (1st Cir. 2002). Rodríguez-Cordero cannot meet this standard.

Rodríguez-Cordero argues that there are many male doctors at Centro de Salud who signed contracts containing non-compete clauses and Centro de Salud has not enforced the non-compete penalties against them. (Docket No. 19 at 9.) Assuming that this is true, she offers no evidence to indicate that Centro de Salud would have enforced the clause against her either. Rather, her argument essentially concedes that some male—and, indeed, some *female*—doctors received the same terms she did when renewing their contracts: They chose to renew and she did not.

Finally, Rodríguez-Cordero alleges violations of rights afforded by the Puerto Rico Civil Code. (Docket No. 1 at 10-11.) Specifically, Rodríguez-Cordero alleges violations of Article 1802 of the Puerto Rico Civil Code. (Id.) Defendants argue that Rodríguez-Cordero's claims under Article 1802 are time barred and ask that we dismiss the claim with prejudice. (Docket No. 13-1 at 20-1.)

We have discretion to decline supplemental jurisdiction over the remaining Commonwealth law claims since we have dismissed all of the claims over which we have original jurisdiction. <u>See</u> 28 U.S.C. § 1367(c)(3); <u>see also</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("if the federal law claims are dismissed before trial…the state claims should be dismissed as well). In exercising our discretion under § 1367(c), we must consider the issues of "judicial economy, convenience, fairness, and comity." <u>Che v. Massachusetts Bay Transp. Authority</u>, 342 F.3d 31, 37 (1st Cir. 2003). Having considered these factors, we decline to exercise supplemental jurisdiction over Plaintiffs' Commonwealth law claims. Therefore, we dismiss without prejudice Plaintiffs' remaining Commonwealth law claims.

## IV.

## Conclusion

For the foregoing reasons, Defendants' summary judgment motion is **GRANTED.** (Docket No. 13.) Plaintiffs' federal law claims are **DISMISSED WITH PREJUDICE.** Plaintiffs' Commonwealth law claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of August, 2013.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
