UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MAGDALENA RODRIGUEZ-CORDERO et al.,

    Plaintiff,

v.

CENTRO DE SALUD DE LARES, INC.,

    Defendant.

Civil No. 11-2258 (JAF)

**OPINION AND ORDER**

Plaintiffs, medical doctor Magdalena Rodriguez Cordero ("Rodriguez-Cordero"), Jose Oscar Ramos Rodriguez, and their marital partnership (collectively "Plaintiffs"), filed a complaint on December 27, 2011 against Rodriguez-Cordero's employer, Defendant Centro de Salud de Lares Inc. ("Defendant"), alleging declaratory relief as well as damages under Title VII of the Civil Rights Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C. § 2000 *et seq.*, the Pregnancy Discrimination Act of 1978, 42 U.S.C. §2000e(a), and various state laws for alleged discriminatory actions against Rodriguez-Cordero on the basis of sex and pregnancy. (Docket No. 1.) Rodriguez-Cordero argued that her new non-compete clause was gender-based discrimination on the basis of her pregnancy. (Docket No. 41 at 2.) The Equal Employment Opportunity Commission ("EEOC") had previously issued Rodriguez-Cordero a right-to-sue letter in September 2011. (Docket No. 1.)

On October 24, 2012, Defendants filed a motion for summary judgment. (Docket Nos. 13.) On August 7, 2013, we granted the Defendants' motion, dismissing Plaintiffs'

federal law claims with prejudice and dismissing Plaintiff's commonwealth law claims without prejudice. (Docket No. 41.) We found that Rodriguez-Cordero did not suffer an adverse employment action because, although she declined its terms, Defendants had offered her an employment contract. (Docket No. 41 at 3.) We also found that Rodriguez-Cordero had "failed to establish that her employers treated non-pregnant employees more favorably than they treated her," because male doctors were offered contracts containing the same non-compete clauses. (Docket No. 41 at 4.) Our opinion made no mention of the claims being frivolous. (*See* Docket No. 41.) Plaintiffs appealed, and on June 23, 2014 the First Circuit affirmed our judgment. (Docket Nos. 43, 46.) On July 1, 2014, Defendants filed the instant motion for attorney's fees. (Docket No. 48.)

Title VII provides that the court, "in its discretion," may grant attorney's fees to the prevailing party. 42 U.S.C.A. § 2000e-5(k).[1] "In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." *Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos*, 38 F.3d 615, 618 (1st Cir. 1994). A prevailing defendant can only receive attorney's fees if the plaintiff's claim was "frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so." *Christiansburg Garmet Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978). Therefore, "decisions to grant defendants their fees are, and should be, rare." *Tang v. State of R.I., Dept. of Elderly Affairs*, 163 F.3d 7, 13 (1st Cir. 1998).

---

[1] We cite to the codified version. However, this section is also referenced in the case law as § 706(k) of Title VII.

In this case, Plaintiffs' claims ultimately failed.  (Docket No. 41.)  However, we retain discretion over fee requests.  *Tang*, 163 F.3d at 15.  We do not find elements of contumacy, temerity, or lack of respect for legal process.  Simply plaintiff lost.  In light of the standards set forth above, we decline to award attorney's fees to Defendants.

We, therefore, **DENY** Defendants' motion for attorney's fees.  (Docket No. 48.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of August, 2014.

                                                                                 S/José Antonio Fusté  
                                                                                 JOSE ANTONIO FUSTE  
                                                                                 U. S. DISTRICT JUDGE